IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY ANTONIO JONES          :
                            :
   v.                       :  Civil Action No. DKC 17-0835
                            :  Criminal No. DKC 14-0176
UNITED STATES OF AMERICA    :
                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Gary Jones ("Petitioner") (ECF No. 219) and a motion for order to show cause for the Government's non-response filed by Petitioner (ECF No. 251). For the following reasons, the motion to vacate will be denied in part, the motion for an order to show cause for the Government's non-response will be denied, and an evidentiary hearing will be scheduled.

**I.  Background[1]**

Petitioner was first tried on February 24, 2015, which resulted in a mistrial because the jury was unable to reach a unanimous verdict. He was retried, and, on April 3, 2015, Petitioner was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (ECF No. 176). The Presentence Investigative Report and Recommendation

---

[1] Petitioner does not provide a statement of facts with his motion to vacate.

found that under the United States Sentencing Guidelines ("USSG" or "Guidelines"), Petitioner had a criminal history of IV and a total offense score of 26. The offense score reflected a two-level enhancement for obstruction of justice because Petitioner had committed perjury by providing testimony at trial in direct contradiction of statements Petitioner previously made to the police. The Guideline range was between 92 and 116 months imprisonment. (ECF No. 190). On July 7, Petitioner was sentenced to 96 months in prison. (ECF No. 198).

Petitioner appealed, arguing that the district court erred when it denied his motions to suppress evidence, considered certain information at his sentencing, and applied the two-level sentence enhancement for obstruction of justice. The United States Court of Appeals for the Fourth Circuit affirmed on May 19, 2016. *United States v. Jones*, 648 F.App'x 383 (4th Cir. 2016).

In a series of filings, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 219, 224, 231, 234). Petitioner alleges that: (1) counsel was ineffective for advising "Petitioner not to accept the 6 year guilty plea offered by the government" (ECF No. 234, at 4); (2) counsel was ineffective for not using a vital witness during trial who "would have testified that Petitioner did not possess or own the firearm" (ECF No. 231, at 3); (3) counsel was ineffective for

2

"los[ing] exculpatory evidence that would have proven Petitioner's innocence" (ECF No. 231, at 3); (4) counsel was ineffective for failing to argue during sentencing that Petitioner was not the owner of the firearm (ECF No. 234-1, at 9); (5) "the obstruction of justice enhancement certainly violated Petitioner's Sixth Amendment rights" (ECF No. 234, at 8); (6) the Government engaged in prosecutorial misconduct by threatening and intimidating a witness (ECF No. 231, at 3); and (7) the sentence "was excessive and unreasonable" (ECF No. 231, at 4).

**II. Standard for Motion to Vacate Pursuant to 28 U.S.C. § 2255**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). An evidentiary hearing is appropriate where petitioner "has pled facts that, if established, entitle him to relief, and there is a material dispute regarding those facts." *Higgs v. United States*, No. PJM 98-3180, 2010 WL 1875760, at *63 (D.Md. Apr.6,

2010); *accord United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

If a claim could have been raised on direct appeal, and was not, the general rule is that "claims not raised on direct appeal may not be raised on collateral review[.]" *Massaro v. United States*, 538 U.S. 500, 504 (2003). In addition, a petitioner "cannot 'circumvent a proper ruling on direct appeal by re-raising the same challenge in a § 2255 motion.'" *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)) (alteration omitted).

**III. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner needs first to show that "counsel's efforts were objectively unreasonable when measured against prevailing professional norms." *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005). In evaluating objective unreasonableness, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In addition, a petitioner must show prejudice meaning that "there is a reasonable probability that, but for counsel's

4

unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**A. Advice on the Guilty Plea**

Counsel can be ineffective in the plea negotiation process for failing to inform a defendant about the prosecution's offer of a guilty plea. *Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). Counsel can also be ineffective during plea negotiations if counsel provides erroneous advice about the relative advantages and disadvantages of a plea agreement as opposed to going to trial. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("[T]he performance of respondent's counsel was deficient when he advised respondent to reject the plea offer on the grounds he count could not be convicted at trial.").

Petitioner was offered a plea agreement prior to the first trial. Petitioner chose not to accept the offer. (ECF No. 138, at 17-18). The first trial resulted in a mistrial. (ECF No. 118). Petitioner does not allege he did not receive the offer or that he received bad advice about it.

Petitioner alleges, however, that after the mistrial, he "expressed interest in accepting a guilty plea" but that "[t]rial attorney . . . advised Petitioner against accepting the

5

guilty plea . . . . trial attorney advised Petitioner that the available evidence . . . would procure an [acquittal]." (ECF No. 234-1, at 3). This allegation is a bit confusing because the Government did not extend a plea offer after the first trial. (ECF Nos. 244, at 6-7; 248, at 3). Petitioner is apparently alleging that counsel advised him against pursuing a plea agreement because counsel believed he would obtain a better result at trial. (ECF No. 234-1, at 3). If true, Petitioner's allegation states a claim for objectively unreasonable performance because counsel would have given advice and pursued a strategy on an inaccurate evaluation of the matter. *See United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) ("[W]here the issue is whether to advise the client to plead or not the attorney has the duty to advise the defendant of the available options and possible consequences and failure to do so constitutes ineffective assistance of counsel.") (internal quotation marks omitted); *United States v. Day*, 969 F.2d 39, 43 (3$^{d}$ Cir. 1992) (a petitioner states a claim for ineffective assistance of counsel where "he alleges that the advice that he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the offer.").

The Government does not dispute that Petitioner's counsel would have acted objectively unreasonably if he had told his

6

client that Petitioner would be acquitted. (ECF No. 244, at 6-8). Petitioner's trial counsel asserts in his affidavit attached to the Government's response that Petitioner "was fully advised of his plea possibilities throughout [his] representation." (ECF No. 244-1, at 1). Nevertheless, the competing assertions create a dispute of material fact about whether counsel's performance was objectively unreasonable.

Petitioner may have received a higher sentence after the trial than he would have received had he pled guilty. If Petitioner had pled guilty (even without any agreement), his offense score likely would have been lower because he would not have received the two-level enhancement for obstruction of justice and might have received a two-level decrease for acceptance of responsibility pursuant to USSG § 3E1.1. With a criminal history category of IV and an offense score of 22, Petitioner's Guidelines range would have been between 63 and 78 months. The Government, nonetheless, argues that Petitioner cannot show prejudice because "[a]side from the mere assertion in his motion, [Petitioner] has not offered any evidence or proof that he did want to accept such a plea." This assertion, however, is not "so palpably incredible, so patently frivolous or false as to warrant summary dismissal." *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004). Because the parties have produced competing evidence about whether Petitioner would

7

have been open to pleading guilty after the first trial and because pleading guilty probably would have resulted in a different outcome, an evidentiary hearing is necessary. *Id.; see Puglisi v. United States*, 586 F.3d 209, 213 (2$^d$ Cir. 2009) ("To warrant a hearing on an ineffective assistance of counsel claim, the [petitioner] need establish only that he has a plausible claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim.") (internal quotation marks omitted). Accordingly, a hearing is necessary to determine whether Petitioner asked about pleading guilty after the first trial and whether counsel provided competent advice.

**B.   Failure to Subpoena Witness for trial**

Petitioner next claims that counsel was ineffective because he "failed to [subpoena] a vital witness who would have testified favorably that he wasn't the owner of the gun." (ECF No. 234, at 6). The witness in question is Ms. Gabriel Adams. She was the owner of the firearm. Counsel discussed calling her to the stand with Petitioner. (ECF No. 140, at 5). Had Ms. Adams been called, she could have testified to being the owner of the gun, but the Government would have been able to show that ammunition had been found dispersed throughout the home Ms. Adams and Petitioner shared. Counsel believed that the additional value of having live testimony was outweighed by the additional evidence the Government could have introduced. (*Id.*

at 3-4). This decision is the type of strategic trial decision that is entitled to great deference, and Petitioner has failed to demonstrate it was objectively unreasonable. *See Winfield v. Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006) ("Counsel's decision not to call particular witness . . . is presumed to be one of trial strategy unless clearly shown to be otherwise.") (internal quotation marks omitted); *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) ("The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony.")

In addition, the jury already was able to view the purchase record for the firearm which demonstrated Ms. Adams was the owner. (ECF No. 209, at 16). Petitioner does not explain how the additional benefit of having heard directly from Ms. Adams creates a reasonable probability of a different result.

**C. Failure to subpoena witness for sentencing**

Petitioner argues that the failure to use Ms. Adams' testimony also resulted in ineffective assistance of counsel during sentencing. (ECF No. 234-1, at 9). As explained above, the testimony would not have added any additional information that was not already in the record. Counsel's decision was not objectively unreasonable, and Petitioner cannot demonstrate prejudice.

**D.   Lost Evidence**

Petitioner alleges, "Defense [attorney] lost crucial evidence that would have favored Petitioner and effectively [challenged] the credibility of the officers who testified in court." (ECF No. 234-1, at 6). Petitioner explains that counsel lost a photograph that showed a marked police car at the scene of his arrest which would have directly contradicted an assertion by the arresting officer that the arresting officer drove an unmarked car. Petitioner's counsel states that he still has the photograph and chose not to use the photograph because it related to a traffic stop that was not at issue in the second trial. (ECF No. 244-1, at 1).

Even assuming counsel lost the photograph, it had minimal relevance. The police officer testified that he was not driving a marked vehicle. The photograph does not contradict that statement. Rather, it shows that at some point some officer driving a marked vehicle was at the scene of the arrest. Petitioner has not pointed to any portion of testimony which the photograph contradicts, and, thus, the photograph would not have undermined the officer's testimony. Accordingly, Petitioner cannot show prejudice.

**IV.   Prosecutorial Misconduct**

Petitioner failed to raise any argument about prosecutorial misconduct on direct appeal, and, therefore, his argument is

procedurally defaulted. *See Pruett v. Thompson*, 996 F.2d 1560, 1565 (4th Cir. 1993) (finding a claim of prosecutorial misconduct procedurally defaulted because it was not raised on direct review). Even if the argument were not defaulted, "[t]o prevail on a claim of prosecutorial misconduct, a [petitioner] must show (1) that the prosecutor's . . . conduct [was], in fact, improper and (2) that such . . . conduct prejudiced the [petitioner] to such an extent as to deprive the [petitioner] of a fair trial." *United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007). Petitioner alleges prosecutors prevented Ms. Adams from testifying by threatening her with criminal prosecution. (ECF No. 231, at 3). Petitioner does not cite any authority suggesting that explaining to a witness the criminal risk entailed with testifying is improper. Also, as previously explained, Ms. Adams's testimony would not have aided Petitioner's case. Petitioner has not demonstrated either impropriety or prejudice.

**V.   Obstruction of Justice Enhancement**

Petitioner states, "[t]he obstruction of justice enhancement certainly violated Petitioner's Sixth Amendment rights" (ECF No. 234, at 8). It is possible that Petitioner is arguing that because the judge and not jury found obstruction, the sentencing enhancement violates his rights to a trial by jury. The Supreme Court has ruled that a judge enhancing a

11

sentence based on conduct not found by the jury does not violate the Sixth Amendment unless the sentence imposed exceeds the maximum sentence for the offense of conviction. *United States v. Booker*, 543 U.S. 200 (2005); *United States v. Aprendi*, 530 U.S. 466 (2000). Thus, the sentence enhancement for obstruction of justice did not violate Petitioner's rights under the Sixth Amendment.

Beyond this potential claim, Petitioner cites no law and has failed to explain what Sixth Amendment right was violated. In addition, no Sixth Amendment issue was raised on direct appeal and therefore the claim would be barred.[2] Accordingly, Petitioner's claim of a Sixth Amendment violation will be dismissed.

**VI. Excessive and Unreasonable Sentence**

Petitioner seeks relief claiming his sentence is excessive and unreasonable. (ECF No. 224). Petitioner's claim was not raised on direct appeal and, therefore, is procedurally barred before this court.

---

[2] The Government asserts that the obstruction of justice claim was already litigated on direct appeal. (ECF No. 244, at 17). The challenge on direct review was based on an argument about the USSG and not a violation of due process. Opening Brief for Appellant Gary Antonio Jones at 24-26, *United States v. Jones*, No. 15-4402, 2015 WL 8038646 (4th Cir. Dec. 4, 2015) (ECF No. 33). Accordingly, it does not appear that this is an attempt to relitigate a previously decided issue.

**VII. Motion to Show Cause**

Petitioner moves to order the Government to show cause for its non-response to the motion to vacate. (ECF No. 176). The court will not issue such an order.

**VIII.     Conclusion**

For the foregoing reasons, the motion to vacate filed by Petitioner will be denied in part, the motion for an order to show cause for the Government's non-response filed by Petitioner will be denied, and an evidentiary hearing will be scheduled. A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge